State Highways — Salt The use of salt to de-ice roads or the use of sodium chloride as a material ingredient for road construction by the Highway Department, Turnpike Authority, a city or county does not violate any Oklahoma statute if there is no violation of 29 O.S. 409 [29-409] (1968), or 47 O.S. 177.1 [47-177.1] [47-177.1] — 47 O.S. 177.3 [47-177.3] (1968). The Attorney General has had under consideration your letter of March 1, 1968, requesting an opinion on the following questions: "1. Is the distribution of salt upon the streets or highways located within the State of Oklahoma under the direction and supervision of the Oklahoma Highway Department, Turnpike Authorities, City Street Departments of County Commissioners for the purpose of aleviating sic icy conditions, a violation of any Oklahoma Statute? "2. Would the use of sodium chloride as a material ingredient for public road construction material within the State of Oklahoma, constitute a violation of any Oklahoma Statute?" Sodium chloride is defined as salt in Webster's New International Dictionary, Second Edition, page 2389. Attorney General Opinion No. 67-141 held in essence that in view of 47 O.S. 177.1 [47-177.1] — 47 O.S. 177.3 [47-177.3] (1967), a motor carrier could not dump salt water on county roads as a convenience to the county commissioners and the trucker. It will be noted, however, that this opinion dealt strictly with a situation where the county did not have tank trucks to haul salt or salt water and the hauling was done by motor carriers as defined in 47 O.S. 177.1 [47-177.1] (1967). Opinion No. 67-141 did not encompass situations in which the county itself was hauling or using salt or salt water. 29 O.S. 409 [29-409] (1967), provides: "No person, firm or corporation shall deposit, place, throw or permit to be deposited, placed or thrown, any lime, dynamite, or other explosives, poison, drug, sawdust, salt water, crude oil or other deleterious substance, in any of the streams, lakes or ponds of this State or in any place where the same will run or be washed into said streams, lakes or ponds. . . . Every person, firm or corporation violating the provisions of this Section shall be punished by a fine of not less than One Hundred Dollars ($100.00), nor more than Five Hundred Dollars ($500.00), and each day or part of day during which such action is continued or repeated shall be a separate offense. Provided, that the party responsible for the control of any salt water, crude oil or other deleterious substances causing a violating of this Section and resulting from drilling, production, transmission, storage or other operation of the petroleum industry shall be reported to the Oklahoma Corporation Commission and if corrective action is not taken immediately then criminal proceedings shall be had as herein provided. The Corporation Commission is also given the express power to order whatever corrective action is necessary to abate the pollution and is given the authority to enforce the order by any action against the lease or well." We find no statutes which would prohibit the use of salt for de-icing or road construction. Accordingly, salt could be used for such purposes so long as it was not used in a manner that would allow salt water to run or be washed into streams, lakes or ponds. See City of Collinsville v. Brickley,115 Okl. 264, 242 P. 249. Therefore, it is the opinion of the Attorney General that your questions be answered as follows: 1. Distribution of salt upon roads by the Oklahoma Highway Department, Oklahoma Turnpike Authority, cities, or county commissioners to alleviate icy conditions does not violate any Oklahoma statute provided such use does not violate 29 O.S. 409 [29-409] (1967) and/or 47 O.S. 177.1 [47-177.1] — 47 O.S. 177.3 [47-177.3]. 2. The use of sodium chloride as a material ingredient for public road construction material within Oklahoma does not violate any Oklahoma statute provided such use does not violate 29 O.S. 409 [29-409] (1967) and/or 47 O.S. 177.1 [47-177.1] — 47 O.S. 177.3 [47-177.3] (1967). (Penn Lerblance) ** SEE: OPINION NO. 76-380 (1976) **